**SO ORDERED.**

**SIGNED this 28 day of December, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

JOHN HAROLD LAREVA, and
TWILLIA NAOMI LAREVA

      Debtors.                                 Case No. 04-04213-8-JRL
                                                         Chapter 13

_____

## ORDER

This case is before the court on the debtors' motion for sanctions against Bank of America for misconduct. On December 20, 2006, the court conducted a hearing on this matter in Wilmington, North Carolina.

The debtors filed Chapter 13 on May 25, 2004. At the time of filing bankruptcy the debtors listed a $10,937 credit card debt owed to Bank of America. Bank of America was sent notice of the bankruptcy filing. However, the debtors began receiving collection calls on their answering machine from Bank of America regarding their account in June 2006. The calls are usually received twice a day every day except Sunday. The debtors provided copies of six letters sent to Bank of America from debtors' counsel requesting the collection calls stop. Additionally, the male debtor spoke with a representative of Bank of America in mid-August 2006. During

that phone conversation the male debtor was informed that Bank of America had his bankruptcy number and would contact the collection representative and refrain from any further contact. However, the collection calls have continued to occur, even on the morning of the hearing.

The male debtor testified that the collection messages are sometimes heard by friends, family members, and even co-workers while they are at the debtors' house visiting. The calls have caused distress to both debtors, but the female debtor is affected the most by them. The female debtor has health problems that prevent her from working, and she is the one that is usually home when these calls occur.

The automatic stay went into effect immediately upon the filing of this bankruptcy case and prohibits all entities from "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(6). The Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h) (now codified at 11 U.S.C. § 362(k)(1)).

Based on the undisputed record, Bank of America's has repeatedly placed collection calls to the debtors over the course of approximately six months. These calls continued even after six notifications by debtors' counsel, notification by the debtor, and two attempts of service of this motion. Such conduct is a willful and continuous violation of the automatic stay. The court grants the debtors' motion for sanctions, and awards the debtors $5,000 in compensatory damages and $5,000 in punitive damages. Additionally, the court awards $2,500 in attorney's fees to debtors' counsel for his diligent efforts to have this violation corrected.

"END OF DOCUMENT"